United States District Court
Southern District of Texas
**ENTERED**
February 19, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DEBORAH GONZALES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 6:18-CV-26 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM ORDER**

Before the Court is the defendant's, Allstate Vehicle and Property Insurance Company, motion for summary judgment [DE 16] the plaintiff's, Deborah Gonzales, response [DE 17] and the reply and surreply, respectively of the defendant and the plaintiff [Des 19 and 20]. The Court has examined the documents before the Court and determines that the defendant's motion for summary should be granted.

**I.**

The plaintiff's claims arise from damages suffered to her residence as a result of Hurricane Harvey in August 2017. The plaintiff filed a claim for damage under her homeowner's policy number 83600888 on or about August 28, 2017. An investigation ensued and the defendant's adjuster reported damages totaling $8,597.63. After adjustments, and/or deductible, the defendant issued its check payable to the plaintiff in the amount of $6,062.63.

The plaintiff disputed the amount due on or about August 13, 2018, and the plaintiff and defendant designated appraisers. The appraisers evaluated the plaintiff's loss claim and determined that the replacement cost was $23,822.72. The parties agreed and, after applying the deductible, the defendant paid $15,073.98 to the plaintiff.

**II.**

The parties do not dispute the appraisal's award, or the payment(s) or that a sum greater than tendered and/or paid is due. Instead, the plaintiff asserts that her state common law and/or statutory claims survive the appraisal award. In this regard, the plaintiff asserts that she was required to sue because the of the defendant's "underpayment and mishandling of [her] claim". The plaintiff also asserts that the defendant violated the Prompt Pay Act and/or the policy term that required payment of the appraisal award within five (5) business days after the final loss is determined.

**III.**

The Court is of the opinion, and that the plaintiff agrees, that the appraisal agreement and award establish the loss owed to the plaintiff under the policy. The plaintiff has not challenged the appraisal. Instead, she agreed to the award of $23,822.72. Therefore, the plaintiff's claim for breach of contract does not survive the defendant's motion for summary judgment. *See Wellington Ins. Co. v. Banvelos*, No. 04-17-00365-CV, 2018 WL 626534 (Tex. App.—San Antonio, Jan. 31, 2018). *See also Quibodeaux v. Nautilus*, 655 F3d. Appx. 984, 986-87 (5th Cir. 2016).

It is also undisputed that the appraisal payment was forwarded to the plaintiff on December 27, 2018, by the defendant's counsel, after receipt and notification. Whether the payment was received within five (5) of counsel's notice, it was paid in full. Assuming receipt after five (5) day the delay is of no consequence and does not constitute a breach of contract for which damages accrue. Moreover, the plaintiff has not presented no evidence of any consequence damages. Therefore, the Court concludes that there are no disputed fact issues

concerning the defendant's payment in compliance with the issuance policy and the Prompt Pay Act.

Finally, there are no disputed facts that support a damage claims under a DTPA or for bad faith. Moreover, there is no evidence of prejudice or that the defendant acted in bad faith that resulted in damages beyond the actual or contracted loss. Specifically, the plaintiff has not asserted or proffered evidence that policy benefits were wrongfully withheld, that any alleged statutory violations resulted in or caused the plaintiff to lose any benefit under her policy or, that she is entitled to recover losses or damages independently of the actual policy benefits. *See USAA Tex. Lloyds v. Menchaca*, 545 S.W. 3d 479 (Tex. 2018).

The Court concludes, based on the evidence, that the insured was timely paid following an appraisal award and, therefore, cannot establish extra-contract or negligence claims arising out of the contract. The defendant's motion for summary judgment is GRANTED.

It is so Ordered.

SIGNED on this 19th day of February, 2019.

_____
Kenneth M. Hoyt
United States District Judge